CITY OF COLUMBUS, APPELLEE, *v.* CURTIS, APPELLANT.

(No. 86AP-757—Decided May 12, 1987.)

*Ronald J. O'Brien,* city attorney, *James J. Fais* and *David E. Tingley,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

REILLY, J. Defendant-appellant, Steven S. Curtis, was charged with driving without a valid driver's license on February 18, 1985, in violation of Section 2135.01 of the Columbus Traffic Code. It was alleged that defendant "* * * drove his [']73 Ford on W. Broad St. with [an] expired license, [which] expired [on] 11-28-84 * * *."

Following stipulations, arguments and admission of records into evidence, the trial court found defendant guilty as charged and stated:

"* * * The court is of the opinion that sufficient evidence has been adduced to convince this Court beyond a reasonable doubt that on February 18, 1985, within the City of Columbus,

County of Franklin, State of Ohio, Mr. Steven S. Curtis did operate a motor vehicle without a valid Ohio license."

Defendant appeals and advances the following assignment of error:

"The trial court erred by entering a judgment against the defendant for driving without a valid license when no evidence was presented from which the court could conclude that he did not have a valid license on the date of the offense."

The trial court correctly framed the issue as whether it could be found beyond a reasonable doubt that defendant was operating his motor vehicle without a driver's license on February 18, 1985. Two sets of records were introduced into evidence: one allegedly an application for a 1984 Ohio license plate registration number in defendant's name and another from the Bureau of Motor Vehicles purporting to be "true and correct copies of all the driving records in the Bureau files pertaining to [defendant]."

The second set of records was relied upon by the trial court. It consisted of a computer printout, together with an attached form explaining how to read the printout, and a letter which included the requirements for reinstating defendant's license following a license suspension which terminated on August 29, 1983.

The computer printout indicates that defendant was issued a license on August 9, 1982, and that it expired on November 28, 1984. The printout also includes the following language:

"Status/No Driving Privileges Indefinitely

"Exam Required

"License Expired."

The city contends that the computer printout was generated on May 17, 1985, the date of the cover letter from the Registrar of Motor Vehicles. The printout, however, does not show it was generated by the terminal after the date of the alleged violation.

Although the printout is attached to the cover letter dated May 17, 1985, it cannot be concluded with certainty that the printout was generated subsequent to February 18, 1985. According to the "Univac Terminal Printout," "Line 1" is supposed to contain the "date and the time the printout was generated by the terminal." Nevertheless, the computer printout does not include the time or date on which the computer printout was generated. Thus, there is a reasonable doubt as to whether this printout reflected the files of the Bureau of Motor Vehicles as of February 18, 1985.

The computer printout indicates that defendant's license expired on November 28, 1984. Since it cannot be presumed that the printout was generated on the date of the cover letter, *i.e.,* the printout may have been generated prior to February 18, 1985, it is uncertain whether defendant renewed his license on or before February 18, 1985. When there is reliance upon computer summaries of records, such printouts, to be relevant, must include the date the information was obtained.

In *State* v. *Kulig* (1974), 37 Ohio St. 2d 157, 66 O.O. 2d 351, 309 N.E. 2d 897, syllabus, the court held the following:

"Circumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt."

This court also has held that:

"* * * An appellate court * * * must reverse a conviction based upon circumstantial evidence where the inferences supporting guilt are insufficient as a matter of law to enable a jury to exclude inferences which support a reasonable theory of innocence. * * *" *State* v. *Ebright* (1983), 11 Ohio App. 3d 97, 101, 11 OBR 150, 153, 463 N.E. 2d 400, 404.

In sum, the computer printout is insufficient to demonstrate the status of defendant's license on February 18, 1985. The circumstantial evidence relied upon by the city to support its theory of guilt as a matter of law also allows an inference of a reasonable theory of innocence, *i.e.,* that defendant submitted an application for a new license, which was issued prior to February 18, 1985. Hence, this court finds that, in accordance with *Kulig, supra,* and *Ebright, supra,* the trial court erred in holding that the defendant was guilty beyond a reasonable doubt in violation of Section 2135.01 of the Columbus Traffic Code.

Defendant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE and YOUNG, JJ., concur.