OPINION
This matter presents a timely appeal from a judgment rendered by the Youngstown Municipal Court, Mahoning County, Ohio, sentencing defendant-appellant, Richard J. Nagle, to a 180-day incarceration term, 150 days of which were suspended; a one year period of probation; and, fining him $200.00 plus costs for driving under a suspended license, in violation of Youngstown City Ordinance 335.07.
On April 30, 1995, appellant was driving a taxi cab owned by Jeffrey Hill. (Tr. 11). While on routine patrol, Officer R. Heckel of the Youngstown Police Department stopped appellant for disobeying a stop sign. Officer Heckel issued appellant a traffic ticket for a stop sign violation and failure to produce proof of insurance. Appellant was also issued a ticket for driving while under suspension.
On June 14, 1995, a bench trial was held before the trial court. Appellant, having waived his right to counsel, pled guilty to the stop sign violation, but maintained his innocence with regards to charges that he drove without insurance and while under suspension. (Tr. 3). Officer Heckel was the only witness to testify. The trial court found appellant guilty on all three charges. (Tr. 10). This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The trial court erred by entering a judgment against the defendant-appellant for operating a motor vehicle under suspension pursuant to C.O. 335.07, when no evidence was presented at trial that defendant-appellant did not have a valid operator's license on the date of the offense."
At trial, Officer Heckel testified that an index check on appellant was conducted and it was discovered that appellant was driving while under suspension. (Tr. 9). Beyond the testimony offered by Officer Heckel, plaintiff-appellee, State of Ohio, failed to produce any evidence that appellant's driver license was suspended.
Appellant effectively challenged the testimony offered by Officer Heckel at trial by informing the trial court that his license had been reinstated. Appellant explained that he went to Columbus to obtain the reinstatement papers. (Tr. 3). Appellant argues that his statement to the trial court, coupled with appellee's failure to introduce certified Bureau of Motor Vehicle (BMV) driving records, warrants a reversal of his conviction. We agree.
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the trier-of-fact or whether the evidence is legally sufficient as a matter of law to support a conviction. State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a conviction is a question of law. supra.
In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, supra at 113.
The trial court in the case at bar relied solely upon Officer Heckel's testimony and found appellant guilty of driving while under suspension and driving without insurance. This evidence, when viewed in a light most favorable to appellee was not sufficient to warrant a conviction.
In Columbus v. Curtis (1987), 39 Ohio App.3d 22, Curtis was charged with driving without a valid license on February 18, 1985. The trial court convicted Curtis, relying upon a set of records which pertained to him and which were alleged to be accurate. A computer printout indicated that Curtis had no driving privileges. The printout, which was not dated, was attached to a cover letter dated May 17, 1985.
The appellate court reversed the conviction, holding that the computer printout was insufficient to demonstrate the status of Curtis' driver's license on February 18, 1985. Because the printout did not contain a date, the court believed that there was reasonable doubt as to whether the printout reflected the files of the BMV as of February 18, 1985. Curtis, supra at 23.
The instant case is analogous to Curtis. Officer Heckel testified that an index check was conducted which revealed appellant was under suspension. (Tr. 9). No testimony was offered, however, as to the manner in which such an index check is conducted, nor was there any indication of the period for which appellant's suspension was imposed. Furthermore, appellant stated that his driving privileges had been reinstated prior to the date on which he was charged. (Tr. 3). Therefore, there was reasonable doubt as to whether appellant's driving privileges were suspended on April 30, 1995.
In light of Curtis, supra and after viewing the evidence in a light most favorable to appellee, no rational trier-of-fact could have found the essential elements of the crime for which appellant was charged proven beyond a reasonable doubt. Smith,supra.
Appellant's sole assignment of error on appeal is found to be with merit.
The judgment of the trial court is reversed and appellant is discharged as to the judgment rendered for operating a motor vehicle under suspension.
Vukovich, J., concurs. Waite, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE