THE STATE OF OHIO, APPELLEE, v. KULIG, APPELLANT.

[Cite as State v. Kulig (1974), 37 Ohio St. 2d 157.]

(No. 73-540—Decided March 27, 1974.)

158

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Peter H. Hull*, for appellee.

*Mr. Gordon T. Canning, Jr.*, for appellant.

PAUL W. BROWN, J. Appellant was tried and convicted of embezzling the property of an estate of which he was the executor. Although it is not ordinarily the function of this court to weigh evidence developed at trial, it may do so in order to determine whether that evidence is of sufficient probative force to support a finding of guilt beyond a reasonable doubt, which is required for conviction in a criminal case. *State* v. *Murphy* (1964), 176 Ohio St. 385; *State* v. *Petro* (1947), 148 Ohio St. 473; *Atkins* v. *State* (1926), 115 Ohio St. 542. An examination of the record in this case discloses a serious lack of evidence, direct or circumstantial, regarding the issue of appellant's intent to convert estate property to his own use. Intent is an essential element of the crime of embezzlement (see, generally, 26 American Jurisprudence 2d, 570, Embezzlement, Section 19), and this evidentiary flaw compels us to reverse the judgment of conviction.

As executor of the estate to which the property in ques-

tion belonged, and the one in whom responsibility for the goods rested, appellant was properly in possession of estate property as long as his purpose in holding it was not contrary to the rights and interest of the estate. Accordingly, proof of possession, standing alone, is insufficient to support a conviction for embezzlement, since such fact is equally consistent with the conclusion that appellant was acting properly within the framework of his authority as executor.

What little evidence there is in the record touching upon appellant's intent in holding the property is circumstantial in nature. It is settled that where circumstantial evidence alone is relied upon to prove an element essential to a finding of guilt, it must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. *State* v. *Sheppard* (1955), 100 Ohio App. 345; *Carter* v. *State* (1915), 4 Ohio App. 193. If such evidence is as consistent with a theory of innocence as with a theory of guilt, the doubt must be resolved in favor of the theory of innocence. In this case, we find that the prosecutor failed to develop probative evidence of appellant's intent which was inconsistent with a reasonable theory of innocence. In the absence of evidence to prove an essential element of the crime, the trial court should have directed a verdict for appellant at the conclusion of the state's case. *State* v. *Channer* (1926), 115 Ohio St. 350.

Our conclusion as to the lack of evidence to support appellant's conviction renders it unnecessary to discuss the constitutional and procedural points assigned as error.

The judgment of the Court of Appeals is, therefore, reversed and the defendant discharged.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

HERBERT, J., concurs in part and dissents in part. I concur in the reversal of appellant's conviction, but am convinced by the record that the cause should be remanded for a new trial.

If the trial court had more fully instructed the jury concerning appellant's rights and duties as a fiduciary, a verdict of guilty would have been legally permissible under the evidence adduced.

Additionally, I must disagree with the majority's appraisal of State v. Murphy (1964), 176 Ohio St. 385, 199 N. E. 2d 884; State v. Petro (1947), 148 Ohio St. 473, 76 N. E. 2d 355; and Atkins v. State (1926), 115 Ohio St. 542, 155 N. E. 189. As I read those cases, they do not stand for the proposition that this court will weigh evidence in a criminal case. They hold that we will examine the record of a criminal trial to determine whether evidence was presented, "which, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt." (Emphasis added.) Atkins v. State, supra, at page 545.

Weighing evidence is not synonymous with determining its legal sufficiency. See Ace Steel Baling v. Porterfield (1969), 19 Ohio St. 2d 137, 249 N. E. 2d 892; O'Day v. Webb (1972), 29 Ohio St. 2d 215, 280 N. E. 2d 896; Citizens Financial Corp. v. Porterfield (1971), 25 Ohio St. 2d 53, 58, 266 N. E. 2d 828.

Where the review has been of a criminal conviction, this court has often stated that it will examine the evidence to determine whether the rule of law requiring a higher quantum of proof in such cases has been followed. E. g., Atkins, Murphy and Petro, supra. However, the court has never before agreed to weigh the evidence in making that determination. Fortunately, the statement in the case at bar, concerning the weighing of evidence, is dicta.