THE STATE OF OHIO, APPELLEE, *v.*
CALDWELL, APPELLANT.

(No. 82AP-589—Decided
February 17, 1983.)

*Mr. Michael Miller,* prosecuting at-
torney, and *Ms. Joyce S. Anderson,* for ap-
pellee.
*Ms. Andrea R. Yagoda,* for appellant.

WHITESIDE, P.J. Defendant Daniel
J. Caldwell appeals from his conviction of
aggravated burglary in the Franklin
County Court of Common Pleas and
raises a single assignment of error as
follows:
"The verdict of the trial court finding
appellant guilty of aggravated burglary in
violation of R.C. 2911.11 was against the
manifest weight of the evidence and con-
trary to law."
Defendant was interrupted by a
neighbor of the home defendant was con-
victed of robbing, while defendant had his
hand through the glass pane of the front
door. Defendant first told the neighbor he
had friends who lived there. Later, after
being forced to the neighbor's home,
defendant tried to convince the neighbor
to release him because he had done
nothing to the neighbor. Defendant, when
apprehended, told the neighbor he had
friends in a car waiting on the street who
would help him and "all he had to do was
yell." When he did yell, the car sped away
with its lights off. Defendant at first tried
to get away but was restrained by the
neighbor until the police arrived.
Defendant testified that he was not
attempting to commit a theft offense but
was merely knocking on the glass door
panel of what he thought was the home of
friends of Laura Himes, one of the per-
sons waiting in the car for him, that he
knocked hard, and the glass pane broke
causing his hand to go inside. Laura
Himes testified that she was confused as
to where her friends actually resided since
the homes looked a lot alike, and they ac-
tually lived around the corner from the
home defendant was accused of burglar-
izing. Laura Himes verified defendant's
story and stated that, when defendant
yelled, the driver of the waiting car
panicked and drove off.
This case presents a troublesome
issue because defendant's explanation of
his conduct, if believed, would require ap-
plication of the rule of *State* v. *Kulig*
(1974), 37 Ohio St. 2d 157 [66 O.O.2d 351],
since the circumstantial evidence then
would permit a reasonable theory of in-
nocence. However, if defendant's ex-
planation of his conduct is not believed,
the circumstantial evidence presents no
reasonable theory of innocence.
Only two witnesses testified on behalf
of the state: the owner of the premises
and the neighbor who apprehended defen-
dant. The owner did not directly testify as
to whether the door in question was
locked or even closed tightly when he left.
While the neighbor at first testified
that defendant either tried to or did
unlock and open the door in question, he

later admitted this was conjecture on his part predicated solely upon the fact defendant broke the glass door panel and had his hand inside the door. The neighbor admitted that he could not see defendant's hand inside the door, that he did not know the location of the dead-bolt lock on the door, and that "the door was opened after the police arrived," but he did not know whether it was open at the time he grabbed defendant.

The owner testified that he found broken glass inside the door and some glass near the refrigerator thirteen feet from the door. However, no police officer testified, and there is no evidence whether the police entered the house after they arrived at the scene.

The trial court was equivocal as to whether it believed defendant and his witnesses as to defendant's purpose in going to the house, stating:

"Well, as I told you, I felt Mr. Caldwell got to that position by knocking on the window of the door, and he knocked too hard and broke the window, maybe, but the next door neighbor heard the glass breaking * * * it doesn't make any difference as to how long the intention was in his mind. If the intention was there, that is it."

Although the latter portion of the above comment states a correct proposition of law, it has no application here because the circumstantial evidence permits a reasonable inference of innocence as well as one of guilt if the trier of the facts finds that defendant did not have the requisite criminal intent prior to breaking the glass window in the door. The trial court implies that the breaking of the window was accidental, and the criminal intent was formed thereafter. Under such factual finding, the rule of *Kulig* would prevent a conviction because the remaining circumstances are insufficient to permit only an inference of criminal intent.

On the other hand, if the breaking of the door's glass window is found to be intentional, there can only be a reasonable inference of criminal intent since it is unreasonable to infer that one would intentionally break the window to obtain the attention of the occupant of the home.

Accordingly, the assignment of error is well-taken, and this cause must be remanded for a new trial.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

REILLY and NORRIS, JJ., concur.