CITY OF COLUMBUS, APPELLEE, *v.*
NICKLES, APPELLANT.

(Nos. 85AP-448 and -449 — Decided
March 13, 1986.)

*Ronald J. O'Brien,* city attorney,
*James Fais,* city prosecutor, and *David
E. Tingley,* for appellee.

*Robert W. Suhr* and *R. Dale
Yurovich,* for appellant.

MOYER, P.J. This matter is before
us on defendant's appeal from a judg-
ment of the Franklin County Municipal
Court finding her guilty of obstructing
official business and resisting arrest.

The facts elicited at trial reveal that,
on December 8, 1984, a man was injured
and knocked unconscious in the vicinity
of North High Street and Eleventh Ave-
nue in Columbus; that the fire rescue
squad (medics) was summoned; and that
several police officers arrived at the
scene.

Officer Thurau was the first police
officer at the scene and almost immedi-
ately thereafter Officer White also ar-
rived. At approximately the same time
that the officers arrived, the defendant,
Paula A. Nickles, a registered nurse,
also came upon the victim and several
people attempting to aid their injured
friend. There was conflicting testimony
as to what occurred thereafter.

The state's witnesses established
that, when the police officers arrived,
defendant appeared to be intoxicated;
that she performed a cursory examina-
tion of the victim and stated that he
would be fine and that his pulse was
"O.K.," even though she had not
touched the victim; that Officer Thurau
advised her to leave the scene; that,
after several verbal "gibes" at the police
officers, she left the scene but returned
when the medic squad arrived; and that
she blocked the medics' path to the vic-
tim, grabbed one of the medic's arms,
and told the medics that the victim was
all right. Thereafter, defendant was
again told to leave the scene or she
would be arrested, and she replied that
the officers could not arrest her.

Officer Thurau then attempted to
subdue defendant by taking her out to
the street. Eventually, this attempt re-
quired Officer White's assistance, as
defendant was kicking and biting the of-
ficers.

Defendant's witnesses testified that
she did not impede or hamper the
medics; that the police officers in-
stigated the conflict between defendant
and the officers; that the officers used
excessive force in initially subduing
defendant when she was attempting to
protect herself; and that defendant was
not intoxicated.

The jury returned a verdict of guilty
on the charges of obstructing a public of-

ficial and resisting arrest. Defendant was acquitted by the jury of charges of assault. The trial court fined defendant one hundred dollars plus costs for each count and suspended the costs on one charge.

Defendant asserts the following assignments of error in support of her appeal:

"1. The jury's conviction of the defendant-appellant for obstructing official business was against the manifest weight of the evidence.

"2. The court erred in submitting the case to the jury on the obstructing official business charge in that all the evidence as to the mens rea of the crime, 'purpose,' was circumstantial and not entirely consistent with the defendant's guilt nor [*sic*] wholly inconsistent with any reasonable theory of defendant-appellant's innocence.

"In addition, the jury's finding of guilty was erroneous for the same reasons.

"3. The trial court erred in overruling defendant's motion to dismiss the charge of obstructing official business. A 'fireman' or 'paramedic' performing medical services at an emergency is not a 'public official' as contemplated by § 2315.03 C.C., and therefore, the charging document does not state an offense under Ohio law.

"4. The trial court erred in sustaining the prosecution's motion in limine and prohibiting the defendant-appellant from utilizing the existence of other excessive-use-of-force complaints against the arresting officer at trial. The trial court also erred in prohibiting the testimony of Dr. Walter Frajola regarding the defendant-appellant's sobriety. Both inquiries were pertinent to the issue of probable cause for the arrest and the existence or non-existence of a lawful arrest, an element of the charge of resisting arrest.

"5. The jury's conviction of the defendant-appellant for resisting arrest

was against the manifest weight of the evidence."

In the first assignment of error, defendant contends that there was insufficient evidence to convict her on the charge of obstructing official business; that the medics did not directly testify that defendant impeded or hampered them; that the defendant was attempting to assist the medics and she was qualified to assist them; and that it was not defendant's purpose to impede or hamper the medics.

This issue is not resolved by a determination of the medics' perception of whether defendant was obstructing or impeding them. Rather, it was the police officer's perception that is determinative. The officer had previously warned defendant to move on, yet she returned and followed a course of action which could reasonably be perceived to be obstructing or impeding the medics in the performance of their duty.

Further, the issue of whether defendant had the purpose to obstruct or impede the medics was a question for the jury, and the jury determined that she did act with purpose.

Finally, we acknowledge that sound public policy encourages those with medical training or skills to assist public officials in the performance of their duties in an emergency. However, police officers or fire personnel, including paramedics, are not *required* to accept such assistance and people with such medical training have no privilege to interfere in an emergency or take the control of a situation from those who have the ultimate responsibility.

Defendant's first assignment of error is overruled.

In the second assignment of error, defendant urges that it was error to submit to the jury the issue of whether she acted with purpose to obstruct a public official. She contends that the essential element of purpose could only be proved by circumstantial evidence and, because

the evidence adduced at trial supported a theory of the accused's innocence, the rule in *State* v. *Kulig* (1974), 37 Ohio St. 2d 157 [66 O.O.2d 351] required that the question of purpose be resolved in her favor.

It is true that *Kulig* held that "[c]ircumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt." *Id.* at the syllabus. In this case, however, the facts allowed the jury to conclude that defendant acted with purpose. Defendant was specifically told by the officers in charge to leave the scene and to stay away. Defendant did leave the scene but, later, decided to return. At that point, defendant knew that she would be violating the specific directions of a police officer who was responding to an emergency. In spite of this fact, defendant made the deliberate decision to return and to stand between the medics and the person lying on the ground. That conduct is irreconcilable with any theory that defendant did not purposely obstruct the work of the medics. These facts are sufficient for the jury to conclude that defendant acted with purpose, and the *Kulig* rationale is inapplicable.

Defendant's second assignment of error is overruled.

In the third assignment of error, defendant maintains that a fire fighter performing medical assistance is not a public official and therefore the charging document does not state an offense under Ohio law.

Section 2315.03 of the Columbus City Code, obstructing official business, provides that:

"(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.

"(B) Whoever violates this section is guilty of obstructing official business, a misdemeanor of the second degree."

The code does not define "public official." There is no case law which defines a "fire fighter" as a public official.

The Revised Code provision, R.C. 2921.31, obstructing official business, is similar to Section 2315.03 of the Columbus City Code. R.C. Chapter 2921 defines "public official" as:

"* * * [A]ny elected or appointed officer, or employee, or agent of the state or any political subdivision thereof, whether in a temporary or permanent capacity, and including without limitation legislators, judges, and law enforcement officers." R.C. 2921.01(A).

Defendant reads the definition of public official as any elected or appointed officer *or* elected or appointed employee. The argument is that a fire fighter is not an appointed or elected employee and therefore could not be a public official. We disagree with this interpretation of the statute.

R.C. 2921.01(A) provides that any elected or appointed officer is a public official, *or* (which means "and" in this context) that an employee of the state is a public official, *or* that an agent of the state is a public employee. Accordingly, a fire fighter, as an employee, is a public official. To give the statute the meaning for which defendant argues, the "or" following "officer" would have been omitted by the General Assembly.

The trial court did not err in overruling defendant's motion to dismiss the charge of obstructing a public official, and defendant's third assignment of error is overruled.

In her fourth assignment of error, defendant argues that it was error for the trial court to sustain a motion *in limine* and also to prohibit the testimony of Dr. Frajola regarding her sobriety.

The motion *in limine* concerned prior complaints of alleged excessive use of force by Officer Thurau.

Defendant contends that testimony regarding prior complaints of excessive force was pertinent to show that Officer Thurau's attitude and professional demeanor toward women in general facilitated her confrontation with the officers. She urges that his history of violent encounters with women exemplified improper motivations and was therefore relevant, citing Evid. R. 401 and 404(B).

Defendant's contention may have been persuasive if the officer had arrested her for no reason and she had resisted the arrest. However, in this case, defendant was warned to leave the scene and not return; in spite of this, she returned, interfered, and was arrested. Having consciously chosen a specific course of action and knowing the possible ramifications of returning, defendant cannot now complain of the consequences of that act.

With regard to the testimony of the expert that defendant would have metabolized the alcohol by the time this incident occurred and could not have been intoxicated, the testimony of Dr. Frajola was irrelevant. Prior testimony established that defendant acted in a manner indicative of intoxication — belligerent, loud, unsteady — and smelled of alcohol. Frajola's testimony, taken outside the hearing of the jury, indicated that defendant was not legally intoxicated. However, he admitted she would still have retained a breath odor of alcohol for some time. Therefore, her actions combined with the odor of alcohol could lead a reasonable person to conclude that she was intoxicated. Defendant need not have been legally intoxicated; rather, it need only to have appeared to a reasonable person that she was intoxicated, regardless of her actual alcohol level. There was sufficient testimony to establish that such a belief was reasonable.

Defendant's fourth assignment of error is overruled.

In her fifth assignment of error, defendant maintains that her conviction on the charge of resisting arrest was against the manifest weight of the evidence. However, the evidence to which we have referred is sufficient to form the basis of the jury's verdict on this issue that there was sufficient evidence to support a conviction beyond a reasonable doubt.

Defendant's fifth assignment of error is overruled.

Defendant's assignments of error are overruled, and the judgments of the Franklin County Municipal Court are affirmed.

*Judgments affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.