## State v. Vandevelde
### [Cite as 2 AOA 117]

Case No. 7-88-5
Henry County, (3rd)
Decided April 11, 1990

R.C. 2911.11
R.C. 2945.74

*Mr. Michael Vandevelde, In Propria Persona, #205-868 P.O. Box 300, Orient, Ohio 43146 Appellant.*

*Mr. John H. Hanna, Prosecuting Attorney, P.O. Box 605 Napoleon, Ohio, 43545 For Appellee.*

GUERNSEY, J.

This is an appeal by the defendant, Michael Vandevelde, from a judgment of the Court of Common Pleas of Henry County convicting and sentencing him for the crime of aggravated burglary in violation of R.C. 2911.11. He assigns error as hereinafter set forth.

FIRST ASSIGNMENT OF ERROR
APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

Although set forth in terms of weight of the evidence defendant argues this assignment of error contending that his conviction is based solely upon circumstantial evidence contrary to *State* v. *Kulig* (1974), 37 Ohio St. 2d 157, 160:

"It is settled that where circumstantial evidence alone is relied upon to prove an element essential to a finding of guilt, it must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. *State* v. *Sheppard* (1955), 100 Ohio App. 345; *Carter* v. *State* (1915), 4 Ohio App. 193. If such evidence is as consistent with a theory of innocence as with a theory of guilt, the doubt must be resolved in favor of the theory of innocence."

The appellant does not dispute that late one evening, after having been drinking most of the evening, he rode to and entered the apartment of an acquaintance, opening an unlocked door for access, without the knowledge or consent of the absent acquaintance, and that there was evidence that while there he moved a rifle and tore off the back of a framed picture belonging to the acquaintance. The appellant contends that he went to the apartment for the purpose of partying with his acquaintance, and not finding him home, entered the unlocked door to the apartment, turning on the inside lights, for the purpose of using the bathroom, and that he made a hasty retreat when he heard the acquaintance return to the apartment on his motorcycle announcing loudly that he was going to kill the intruder whose presence in the apartment was observed by the girl friend of the acquaintance who was a passenger on the motorcycle.

In support of the issue of intent to commit a theft offense there was evidence that the occupant of the apartment was merely an acquaintance and not a friend of the defendant; that the defendant had visited the apartment on only one occasion but an occasion when the contents of the apartment could have been observed; that the defendant had seen the acquaintance in a bar earlier in the evening which fact, together with the apartment being unlit could raise an expectation of the continued absence of the acquaintance from the apartment; that the rifle had been moved to a position in the apartment where it would be more accessible for removal from the apartment; that the removal of the back of the picture was consistent with a search for valuables; that the girl friend of the acquaintance testified that as they arrived on the motorcycle the defendant looked from a window in the apartment and saw at least her; that the acquaintance merely told her not to enter the apartment, made no threat against the intruder and, after arming himself with a machete approached the apartment; that when the defendant saw the girl friend he exclaimed, "Oh, shit," and dove through the glass window from which he had seen her; and that the defendant fled the area on foot, although he had arrived in a pickup truck driven by his cousin who had been waiting upon him, and who later caught up with the defendant.

Although, as is usually the case, defendant's purpose to commit a theft offense depended on proof by circumstantial evidence, it is our opinion that the evidence from which such purpose could be inferred is so clear and convincing that it is consistent only with the theory of the defendant's guilty and irreconcilable with any *reasonable* theory of his innocence.

We find the first assignment of error wholly without merit.

### SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY THAT IT COULD CONSIDER THE LESSER INCLUDED OFFENSE OF CRIMINAL TRESPASS WITHOUT FIRST MAKING A UNANIMOUS FINDING OF NOT GUILTY OF THE OFFENSE OF AGGRAVATED BURGLARY.

Allegedly following an Ohio Jury Instruction form the trial court, after instructing the jury as to the elements of aggravated burglary instructed, among other things not material to the issue before us, as follows:

" * * * Now, if you understand that the State has proved beyond a reasonable doubt all the essential elements of the offense of aggravated burglary, your verdict must be guilty as charged. However, if you understand that the State has failed to prove beyond a reasonable doubt all of the essential elements of aggravated burglary, then your verdict must be not guilty of that offense. And in that event, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of the lesser included offense of criminal trespass. If all of you are unable to agree on a verdict of either guilty or not guilty of aggravated burglary, then you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all of the essential elements of this lesser included offense of criminal trespass. * * * If all of you are able to agree that the State has proven all of the essential elements of the offense of aggravated burglary, then your verdict shall be guilty and you would then, in that case, write the word guilty in ink and you would sign the verdict form and that would complete what you would have to do. If, however, you are unable to reach a verdict on the aggravated burglary or you found the defendant not guilty of the aggravated burglary, then you would consider the lesser included offense--and I have given you the elements for that--and you would then complete the bottom portion of the verdict form."

At this juncture the prosecuting attorney objected asserting that the jury has to find the defendant not guilty of aggravated burglary before they can consider the lesser included offense, and defense counsel stated that he had no objection to the instructions as read. After discussion the court overruled the objection and was about to proceed when the prosecuting attorney requested a "limited instruction that says they are not to simply advance on to the lesser included because it's taken them a little while to come up with a verdict on the crime itself." The court then resumed his instruction with some confusion saying, in part:

" * * * So, we'll go through this one more time so there is no confusion. If you determine that the State has proven the defendant guilty of aggravated burglary, you would write guilty in there, and that's it, except sign the indictment [sic]. If you are unable...First, if you find the defendant not guilty of aggravated burglary or after deliberation are unable to reach a verdict on the charge of aggravated burglary, then you can consider the lesser included offense of criminal trespass. If you find the defendant not guilty of criminal trespass, at that point, then you still need to take into consideration the aggravated burglary because that would have to be completed because you don't consider criminal trespass until you have resolved aggravated burglary. Now, in order for you to reach a verdict, it must be unanimous.

That is all twelve of you must agree.
* * * "

At the end of the charge the prosecuting attorney objected to the instructions given as to the lesser included offense, but declined any additional instructions, and defense counsel stated his satisfaction "with the O.J.I." and declined any additional instructions.

The jury commenced its deliberations and after an indefinite length of time sought answers to three written questions, two of which are not material here, and the other being, "What happens when our vote is severely split on first charge?" After considerable discussion with counsel, the court instructed the jury in writing, "The answer * * * is you're to reach a verdict on the charge of aggravated burglary and should deliberate toward that end. And it is your duty to make every reasonable effort to do so."

After further deliberation the court read the following written question sent by the jury:

" * * * requirements, do all members of a jury have to believe Mike guilty in order for him to be guilty? Bracket. One person believing him

not guilty, does that mean we should call him not guilty? End of bracket. * * * "

Before the court took any action advising the jury on this question the jury returned to court with its unanimous verdict finding the defendant guilty of aggravated burglary as charged in the indictment.

The defendant, relying on *State* v. *Muscatello* (1977), 57 Ohio App. 2d 231, argues that the written instruction given by the court to the jury that, "[Y]ou're to reach a verdict on the charge of aggravated burglary and should deliberate toward that end. And it is your duty to make every reasonable effort to do so," "instructed the jury that it could not consider the lesser offense of criminal trespass until and unless it acquitted appellant of aggravated burglary."

The law on this issue, as determined by the Supreme Court, adopts paragraph three of the syllabus of the appellate court in *Muscatello* and is set forth in paragraph three of the syllabus of *State* v. *Thomas* (1988), 40 Ohio St. 3d 213, as follows:

"3. A jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense. If a jury is unable to agree unanimously that a defendant is guilty of a particular offense, it may proceed to consider a lesser included offense upon which evidence has been presented. The jury is not required to determine unanimously that the defendant is not guilty of the crime charged before it may consider a lesser included offense. * * *"

In *Thomas* the court of appeals had reversed the common pleas court's aggravated murder conviction, holding that the evidence adduced at trial supported an instruction on involuntary manslaughter, and further holding that Crim. R. 31(C) and R.C. 2945.74 require the jury to unanimously agree that the defendant is not guilty of the greater offense before addressing any lesser included offense. The Supreme Court said, however, that its reversal of the court of appeals as to that court's requirement that the jury unanimously agree that the defendant is not guilty of the greater offense before addressing any lesser included offense, does not presage a reversal of the defendant's conviction.

The Supreme Court then proceeded to reverse the judgment of the court of appeals and reinstate the trial court's conviction of the defendant because a review of its instruction, though ambiguous, disclosed that the instruction did not expressly require unanimous acquittal on the charged crime, but rather addresses possible disagreement by the jury on the element of prior calculation and design and a corresponding inability to reach a verdict of guilty of aggravated murder.

The Supreme Court then stated:

" * * * In our opinion, this instruction has negligible coercive potential because it speaks to the jury's inability to find, whether unanimously or not, a certain element of the greater offense. We are not persuaded that the trial court's instruction unduly prejudiced the appellee, and thus we affirm his conviction of aggravated murder.

We stress, however, that a better instruction would be to incorporate the 'inability to agree' language adopted by this court today." *Id.* at 220.

Applying *Thomas* then to the situation here, it is apparent that the part of the instruction here first above quoted first speaks in mandatory language of the jury arriving at either a verdict of guilty or a verdict of not guilty of the charge, and then proceeding to consider the lesser included offense. It then immediately shifts gears to the *Moscatello* language and directs the jury to consider the lesser included offense, "[i]f all of you are *unable to agree* on a verdict of either guilty or not guilty."

After the prosecuting attorney's objection, and in resuming its charge, the court first says respecting proceeding with consideration of the lesser included offense, that the jury shall do so "if you find the defendant not guilty of aggravated burglary or after deliberation are unable to reach a verdict on the charge of aggravated burglary," which, stated in the alternative, requires the jury to proceed with consideration of the lesser included offense without necessarily agreeing on a verdict of not guilty of the offense charged. The next sentence of the instruction, i.e., "If you find the defendant not guilty of criminal trespass, at that point, then you still need to take into consideration the aggravated burglary because that would have to be completed because you don't consider criminal trespass until you have resolved aggravated burglary," is wholly confusing, seemingly getting the cart before the horse, but requiring the resolution of the aggravated burglary charge either by a guilty verdict or by a not guilty verdict.

It is true that defense counsel, when asked, made no objection to the basic *charge* given by the court, but states his objection thereafter that the written answer to the jury's question requiring the jury "to reach a verdict on the charge of aggravated burglary," "doesn't answer what happens if they cannot reach a decision, and I think that's what they are asking."

120

In our opinion the action of defense counsel at this point reserved the claimed error for review and, whether or not the instruction before that point was merely equivocal or might not have prejudiced the defendant, there is no doubt that the written instruction to the jury *required* them to reach a verdict on the charge of aggravated burglary, contrary to the law as expressed in *Thomas, supra,* had more than merely negligible coercive potential, and was prejudicial to the defendant.

We find the second assignment of error well taken, and that error being prejudicial to the defendant, the judgment must be reversed, and the cause be remanded to the trial court for new trial and further proceedings as provided by law.

*Judgment reversed and*
*cause remanded.*

SHAW, P.J., and BRYANT, J., Concur.

J. Thomas Guernsey, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.