## State v. McAdams
*[Cite as 7 AOA 457]*

*Case No. 89AP-1415*
*Franklin County, (10th)*
*Decided September 6, 1990*

*Michael Miller, Prosecuting Attorney, and Katherine Press, for Appellee.*

*James Kura, Public Defender, and Paul Skendelas, for Appellant.*

BOWMAN, J.,

On November 16, 1987, appellant, Ollie McAdams, went to a Rite Aid Pharmacy on Cleveland Avenue in Columbus, Ohio, with a prescription for Ritalin, a Schedule II substance. Appellant gave the prescription, which was written in black ink dated October 25, 1984, to the pharmacy technician, Anita Cain ("Cain"). Appellant supplied his name and address. Cain re-wrote appellant's name in blue ink, inserted his address and also wrote the word "cash" on the prescription. Cain then handed the prescription to the pharmacist, Patrick Mascaro ("Mascaro"). Because Mascaro thought that the doctor's signature did not look quite right, the category of drug was of class II and he did not know appellant, he called Dr. Jaime Smith-E-Incas ("Dr. Smith-E-Incas") to verify the pre-scription. Dr. Smith-E-Incas told Mascaro that he had not written the prescription, whereupon Mascaro called the police. The telephone was in sight of the customers. However, because appellant remained so quiet and calm, Mascaro felt this behavior was unusual for a person trying to pass a forged prescription, and he telephoned Dr. Smith-E-Incas a second time. While Mascaro was on the telephone, the police arrived and Deputy Gary Bedard testified that Dr. Smith-E-Incas related to him that he had not seen appellant for approximately five years and that he had not issued him the prescription. Thereupon, the police placed appellant under arrest.

On December 30, 1987, appellant was indicted by the Franklin County Grand Jury on one count of illegal processing of drug documents in violation of R.C. 2925.23, with a specification alleging the commission of a prior offense of violence.

On February 8, 1989, a Jury found appellant guilty of Illegal processing of drug documents. On April 24, 1989, the Franklin County Court of Common Pleas sentenced appellant to an eighteen month determinate term of incarceration, suspended it and placed him on four years probation. On November 2, 1989, a judgment entry was accordingly filed. Appellant appeals this judgment asserting a single assignment of error:

"THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY AS THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THE ELEMENT OF INTENT. THIS DEPRIVED APPELLANT OF A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

Appellant contends that his conviction under R.C. 2925.23 was based upon circumstantial evidence which was insufficient as a matter of law to exclude reasonable theories of innocence. We agree.

R.C. 2925.23(B)(1) states:

"(B) No person shall intentionally make, utter, or sell, or knowingly possess a false or forged:

"(1) Prescription[.]"

Therefore, the essential elements pertinent to this appeal concern appellant's intent or pur-

pose, and whether the prescription was false or forged. Intentionally can be equated with purposely.

"Purposely" is defined by R.C. 2901.22(A) as follows:

"(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

R.C. 2913.01(G) defines "forge" in the following manner:

"(G) 'Forge' means to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when such writing in fact is not authenticated thereby."

In determining intent, a jury may consider how the act is done and all other facts and circumstances submitted as evidence.

In this case, Dr. Smith-E-Incas initially stated over the telephone to the pharmacist that he did not write appellant a prescription. However, at trial, Dr. Smith-E-Incas does admit that he wrote the prescription in question, although he believed the issuing date had been changed. Dr. Smith-E-Incas does not dispute the fact that he treated appellant in 1982 or 1984, a period covering both prescription dates. Dr. Smith-E-Incas did not explain how he knows the issuing date was changed, nor who might have done it, and he produced no records to substantiate his opinion. A Bureau of Criminal Investigation ("BCI") report revealed the prescription date had been changed from May 25, 1982 to October 25, 1984, but not when or by whom.

It is also worthy to note that the changed date of issuance to October 25, 1984 would not have made the prescription valid on November 16, 1987, since a prescription for a Schedule II substance lapses after one year. Ohio Adm. Code 4729-5-30. Therefore, appellant's point is well taken that there is insufficient evidence to show appellant possessed the requisite intent or purpose to pass a false or forged prescription since it is logical that, had appellant had that motive, he would have altered the date so as to reflect a more recent date to make the prescription one capable of being lawfully filled. Likewise, there is no direct evidence tending to show the changed prescription date falls within the definition of forged as contemplated by statute.

All of the above facts, coupled with appellant's calm actions and quiet demeanor at the pharmacy, support a reasonable theory that appellant's actions were an attempt to fill an authorized, albeit outdated, prescription.

When faced with circumstantial evidence, the Ohio Supreme Court held, in *State v. Kulig* (1974), 37 Ohio St. 2d 157, at the syllabus:

"Circumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt.

Furthermore, the court held at 160:

"*** It is settled that where circumstantial evidence alone is relied upon to prove an element essential to a finding of guilt, it must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. *State v. Sheppard* (1955), 100 Ohio App. 345; *Carter v. State* 1915), 4 Ohio App. 193. ***"

Therefore, as in this instance, if there are reasonable theories of innocence to be drawn from the circumstances, the appellant must be found not guilty.

"'Where circumstantial evidence alone is relied upon in the proof of any element of a crime, and the jury finds that there is a reasonable hypothesis of innocence, after considering all the evidence, it is its duty to acquit ***.' ***" *State v. Graven* (1978), 54 Ohio St. 2d 114, at 119.

This court has set forth our standard of review in criminal cases in *State v. Ebright* (1983), 11 Ohio App. 3d 97, at paragraphs two and four of the syllabus:

"2. The test to be applied to inferred ultimate facts in civil cases is whether or not the inferences drawn and relied upon were more probable than other inferences which might also have been drawn from the underlying facts. In a criminal case, the test for reliability is more stringent: when a conviction is to be based upon Inferences drawn from underlying facts, the inferences which support guilt must be so strong that they exclude the drawing from the same underlying facts of reasonable inferences which support innocence.

"***

"4. If circumstantial evidence is as consistent with innocence as with guilt, doubt must be resolved in favor of innocence."

Here, there is simply no evidence who altered the issuance date of the prescription and likewise no evidence of appellant's intent in presenting the otherwise valid prescription to the pharmacist.

In short, there is insufficient evidence to permit a finding beyond a reasonable doubt the appellant is guilty of "intentionally *** utter[ing] a false or forged" prescription in violation of R.C. 2925.23.

Accordingly, appellant's assignment of error is sustained, and the judgment of the trial court is reversed and this cause is remanded to the trial court with instructions to discharge appellant.

*Judgment reversed and
cause remanded
with instructions.*

BRYANT and HAYES, J.J., concur.

HAYES, J., of the Portage County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.