DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Keith A. Daniels has appealed from convictions in the Summit County Common Pleas Court for robbery and tampering with evidence. He has argued that his tampering with evidence conviction was not supported by sufficient evidence. Specifically, he has asserted that, in finding him guilty of tampering with evidence, the jury relied upon circumstantial evidence that, in addition to supporting an inference consistent with his guilt, also supported an inference that was "equally likely and equally consistent with [his] innocence * * *." This Court affirms the judgment of the trial court based upon the holding of the Ohio Supreme Court in State v. Jenks (1991),61 Ohio St.3d 259, paragraph one of the syllabus, that, "[w]hen the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."
 I.
On April 29, 1997, defendant walked into a Kentucky Fried Chicken Restaurant in Akron and handed a woman working behind the counter a piece of an envelope upon which he had written "All 100$ 50$ $20 or you die!!" The woman told defendant she would get the keys and went into the back of the restaurant, where she informed another worker of defendant's demand and threat. The second worker telephoned police.
Defendant was still in the restaurant when the police arrived. He walked out and was arrested on a sidewalk adjacent to the restaurant. A short time later, one of the police officers found the note defendant had handed the woman, crumpled and lying under a bush near where defendant had been arrested.
On May 6, 1997, the Summit County Grand Jury indicted defendant on charges of aggravated robbery, robbery, and tampering with evidence. The aggravated robbery charge was eventually dismissed, and he was tried before a jury on the robbery and tampering with evidence charges commencing July 16, 1997. The jury found him guilty of both charges, and he timely appealed to this Court.
 II.
Defendant's only assignment of error is that his tampering with evidence conviction was not supported by sufficient evidence. Section 2921.12 of the Ohio Revised Code provides:
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
* * *
 (B) Whoever violates this section is guilty of tampering with evidence, a felony of the third degree.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The State has argued that the location where the note was found and its condition permitted an inference that defendant "attempted to destroy any evidence of the robbery by crumpling up the holdup note and throwing it under the bushes." Brief of Appellee — State of Ohio at 6. Defendant, on the other hand, has argued that "[i]t is equally likely and equally consistent with Appellant's innocence that the note fell from his hand or pocket as the police wrestled him to the ground and put a gun in his face." Brief of Defendant-Appellant at 3.
In State v. Kulig (1974), 37 Ohio St.2d 157, syllabus, the Ohio Supreme Court held that "[c]ircumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt." Assuming that defendant's suggestion that he could have dropped the note at the location at which it was found is a "reasonable theory," if Kulig
were still the law, defendant's conviction for tampering with evidence would not be supported by sufficient evidence. Kulig, however, is not still the law. In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus, the Ohio Supreme Court overruled Kulig: "When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."
The evidence before the trial court supported an inference that defendant had crumpled the note at issue and thrown it under a bush in an attempt to prevent it from being used against him. Accordingly, defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
SLABY, P. J.
MAHONEY, J., CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)