OPINION
William G. Hill is appealing from his conviction, following a bench trial by the Municipal Court of the City of Vandalia, Ohio, of a violation of § 4549.02, popularly known as the "hit-skip" law.
The facts of the matter are fairly simple. At the hearing on the charge, Mike Schmidt testified that he was stopped at an intersection directly behind a blue van and, in his own words: " . . . we were stopped at the light and I noticed after a certain period of time the van started to roll back, so I hit my horn and it, it still kept coming. So I just, I laid on my horn and it came back and rolled back in and hit my car. And obviously at that point I, I thought that, you know, maybe his foot had slipped off the brake or whatever and I was just going to stop and exchange information. Well, as I started to do that, the van took off." Tr. 7. He got the license number of the van and shortly afterwards noticed a state patrol car on the road giving somebody a ticket. Schmidt stopped, and when the trooper was through with his transaction, he reported the incident to the patrolman. Both of them examined the front bumper and noticed a scratch on it. Trooper Aller at the hearing described it as "a slight scratch." Tr. 18.
The driver of the van was subsequently contacted by Trooper Aller and voluntarily gave a statement which included the words: "A car pulled about a foot behind me. When I released my clutch to go forward, I rolled back maybe a foot and toutched [sic] bumpers with the car that was behind me and he gave us the finger. That's all that happened." Pl. Exh. 1.
In contrast to his statement, Hill testified at the hearing that ". . . If it was anything when I rolled back it may, maybe was a kiss on the bumper at max." Tr. 33. And, later, he stated that "I may have touched the bumper." Tr. 36. The court found him guilty, and he has appealed, bringing us to the following two assignments of error:
ASSIGNMENT OF ERROR #1
 THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF VIOLATING OHIO REVISED CODE § 4549.02 WHEN THE DEFENDANT WAS UNAWARE THAT HIS VEHICLE HAD MADE CONTACT WITH ANOTHER VEHICLE.
ASSIGNMENT OF ERROR #2
 THE TRIAL COURT ERRED IN THAT THERE WAS NO EVIDENCE TO PROVE THAT ANY DAMAGE TO THE OTHER DRIVER'S VEHICLE WAS A RESULT OF THE DEFENDANT'S ACTS.
Hill argues on appeal that the evidence against him was only circumstantial, and that it must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt, relying on State v. Kulig (1974), 37 Ohio St.2d 157, 66 O.O.2d 351. Unfortunately for Hill, however, not only is the evidence relied upon by the trial court direct and not circumstantial but, in addition, Kulig has been specifically overruled by the Ohio Supreme Court. State v. Jenks (1991),61 Ohio St.3d 259, first syllabus. The current standard of appellate review in criminal cases, as set forth by the Supreme Court inJenks, "is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." In other words, an appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial, determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Id., 273.
In the matter before us, the trial court obviously believed the complaining witness and did not find credible the defendant's assertion that he did not know his van had bumped the front bumper of the complainant's vehicle.
As we have stated many times before (See, e.g., City ofDayton v. Ronald J. Versic (Mar. 15, 1996), Montgomery App. No. 15223, p. 6, unreported), it is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v. Garson (1993), 66 Ohio St.3d 610,614. As the Supreme Court of Ohio observed in SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Such deference is particularly important in light of research that indicates that as much as "ninety percent of the total meaning of testimony is interpreted through non-verbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witness' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993), 67 Ohio St.3d 405,410-411.
The first assignment of error is overruled.
The second assignment of error is irrelevant as proof of damage is not one of the elements of the so called hit-skip statute. It is, therefore, also overruled, and the judgment is affirmed.
BROGAN, J. and WOLFF, J., concur.