[Cite as *State v. Bryant*, 2017-Ohio-4107.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals Nos. L-16-1262
                                                                              L-16-1263
        Appellee

                                                Trial Court No. CRB-16-04824
v.

Kejuan Bryant                                   **DECISION AND JUDGMENT**

        Appellant                               Decided:  June 2, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, and Henry Schaefer,
Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Kejuan Bryant, appeals from the December 1, 2016 judgment of

the Toledo Municipal Court convicting him of "Using Weapons While Intoxicated," a

violation of R.C. 2923.15, and "Discharge of Firearm on Prohibited Premises," a

violation of R.C. 2923.162(A)(2), and sentencing him to 180 days on the first count and

30 days on the second count, suspending both terms, and imposing one year of active probation and 20 hours of community service as to both counts. For the reasons which follow, we affirm.

{¶ 2} Appellant's consolidated appeal presents the following two assignments of error:

I. The court's finding that defendant was guilty of discharging a firearm on prohibited premises, in violation of R.C. 2923.162A2 [sic], was against the manifest weight of the evidence when there was no testimony that anyone saw defendant discharge his weapon in a prohibited location, no shells or casings were found in the alleged area of the discharge, the weapon was unloaded when defendant was arrested, and he had a concealed carry permit on his person.

II. The trial court's finding that defendant was intoxicated on the night in question was against the manifest weight of the evidence when he was arrested while driving a car, no chemical tests were performed to obtain blood alcohol information, and defendant was not charged with driving while intoxicated.

{¶ 3} R.C. 2923.15 requires that the prosecution establish that appellant was under the influence of alcohol when he was carrying or using a firearm. R.C. 2923.162 requires that the prosecution establish appellant discharged a firearm next to an inhabited dwelling or the property of another.

2.

{¶ 4} The following evidence was admitted at trial. Officer Crissman was on patrol the night of April 12, 2016, when she received a 911 call reporting shots being fired in the area of Elmdale Road and South Avenue and a black male fleeing the area in an older model, white vehicle. A second call was received shortly afterward reporting a suspicious male and several incidents of shots being fired at a house on Acton Drive, several blocks west of Elmdale and South. Appellant testified at trial he stays at either a residence on Elmdale or his mother's residence on Acton.

{¶ 5} Officer Crissman responded to the second call from the north while Officer Brown responded from the south. Crissman observed appellant driving an older, white Oldsmobile approaching from the south on Acton Drive at a very high rate of speed. Appellant nearly collided with the rear of Officer Brown's patrol car and, after swerving to miss the patrol car, nearly hit Crissman's patrol car even though she had activated her overhead lights so appellant would see her car. Afterward, appellant pulled into a driveway and backed out again to change direction and drive southbound.

{¶ 6} Because of his driving, Crissman initiated a traffic stop. Appellant parked in a driveway and began to exit the car. Appellant would not obey the officer's command to stay in the car, so she conducted a pat down search. Appellant stated he had a permit to carry a concealed weapon and was carrying a nine-millimeter, semi-automatic weapon holstered under his T-shirt. The officer took possession of the unloaded weapon for her safety while she completed the traffic stop.

3.

{¶ 7} Based on her training, Crissman immediately noticed appellant was intoxicated. He had a very strong odor of alcohol emanating from him. He had been driving erratically. He had slurred speech and delayed responses. He asked repetitive questions about what the officers wanted him to do. Her vehicle smelled of alcohol after appellant was transported to the police station. While appellant testified he asked for blood alcohol testing, Officer Crissman testified he did not ask for testing. At the police station, appellant initially denied having been drinking. But, when the officer pointed out that appellant was placed in a clean holding cell and it had begun to smell like alcohol, he stated "it's coming out of my pores, that only happens when I drink a lot. [sic]" At trial, appellant denied having told the officer he had been drinking and testified that he was not impaired that night.

{¶ 8} While appellant testified the officers were laughing and joking about whether he had a prior felony, Officer Crissman testified the officers conducted the stop in a professional manner and that the stop was recorded. While the officer conducted a search for a felony conviction as a matter of protocol because appellant was carrying a weapon, she did so privately in her patrol car out of appellant's presence. When she was informed by the records department that there were no prior felonies, she did not inquire further about the matter.

{¶ 9} After the officer learned that appellant was driving under a suspended license and that the license plates did not match the VIN or year of the vehicle, she issued citations. She also cited him for having a loud muffler (she had heard the car before she

4.

had seen appellant's car) and for following too closely (because appellant nearly struck Officer Brown's patrol car). Officer Crissman did not charge appellant with operating a vehicle while intoxicated because another officer was responsible for that paperwork and Officer Crissman did not know why it was not completed.

{¶ 10} At the station, the officer observed that the firearm had fresh, wet blood on the rear of the handle matching the location of the slide on the firearm and surmised that the slide could have caused the laceration she observed on appellant's hand. The laceration contained wet blood and torn skin. Appellant stated he had just received the gun at a gun show a couple of days prior to this night, which the officer confirmed.

{¶ 11} Based on her experience with firearms, the weapon smelled like it had been recently fired. She also found gunpowder in the barrel; but, she acknowledged that gunpowder remains in the weapon until it is cleaned. Appellant testified he had just purchased the gun two days prior and it had been test fired by the seller. The gun was capable of holding ten bullets, but appellant testified he had not even loaded it yet and would not have taken a loaded gun to his mother's house, which was where he was headed.

{¶ 12} However, Officer Crissman testified that when she questioned appellant about the firing of the gun, he admitted he had fired five shots less than an hour prior to the traffic stop, behind his residence on Elmdale, near railroad tracks, which is near Elmdale and South. A search of the area was conducted, but no shell casings or spent rounds were found in the area, but it was largely gravel area. At trial, appellant denied

5.

having made these statements and denied ever having fired the weapon. Appellant also admitted to having a prior conviction for operating a weapon while intoxicated in 2015, and had just been released from probation on March 26, 2016.

{¶ 13} In his first assignment of error, appellant argues that his conviction of discharging a firearm on prohibited premises was contrary to the manifest weight of the evidence.

{¶ 14} A challenge to the weight of the evidence questions whether the greater amount of credible evidence was admitted to support the conviction than not. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When weighing the evidence, the court of appeals must consider whether the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 15} Appellant argues the finding that he had discharged his firearm was based solely on circumstantial evidence. He also argues that circumstantial evidence must be irreconcilable with any reasonable theory of innocence to support a guilty verdict relying on *State v. Lott*, 51 Ohio St.3d 160, 167, 555 N.E.2d 293 (1990), quoting *State v. Kulig*, 37 Ohio St.2d 157, 309 N.E.2d 897 (1974), syllabus. The *Kulig* syllabus holding,

6.

however, was overruled in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), at paragraph one of the syllabus.

{¶ 16} "Direct evidence is the testimony given by a witness who has seen or heard the facts about which the witness testifies." Ohio Jury Instructions, CR 409.01 (Rev. Aug. 17, 2011). "Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts that naturally and logically follow according to the common experience of people." *Id*. Inferences may be drawn from direct or circumstantial evidence, but a "trier of fact may not draw 'an inference based * * * entirely upon another inference, unsupported by any additional fact or another inference from other facts[.]'" *State v. Cowans*, 87 Ohio St.3d 68, 78, 717 N.E.2d 298 (1999), quoting *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 130 N.E.2d 820 (1955), paragraph one of the syllabus.

{¶ 17} If the state "relies on circumstantial evidence to prove an element of the offense charged, there is no requirement that the evidence must be irreconcilable with any reasonable theory of innocence in order to support a conviction[.]" so long as the jury is properly instructed as to the burden of proof, i.e., beyond a reasonable doubt. *Jenks*. "[T]here is but one standard of proof in a criminal case, and that is proof of guilt beyond a reasonable doubt. This tenet of the criminal law remains true, whether the evidence against a defendant is circumstantial or direct." *Id*. at 272-273. "Like any fact, the state can prove the identity of the accused by 'circumstantial or direct' evidence." *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 15, citing *Jenks*, *supra*.

7.

{¶ 18} In this case, the state was required to prove that appellant discharged "a firearm on a lawn, park, pleasure ground, orchard, or other ground appurtenant to a schoolhouse, church, or inhabited dwelling, the property of another, or a charitable institution." R.C. 2923.162(A)(2).

{¶ 19} Officer Crissman testified appellant admitted to firing five shots near his residence on Elmdale, although he later denied having made these statements. His car matched the description of someone fleeing the area at the time the shots were heard and he was apprehended in the area of the 911 calls. There was further evidence that appellant had recently discharged his weapon: it smelled like a recently discharged weapon according to Officer Crissman's experience; appellant had a laceration on his hand; and there was blood on the gun in the area where the laceration could have occurred.

{¶ 20} From this evidence the trier of fact could reasonably conclude appellant had fired his weapon near the homes in the area, which had been reported in the 911 calls. We cannot find the jury lost its way in evaluating the evidence, determining the credibility of the witnesses, and drawing inferences from the evidence. Therefore, we find that appellant's conviction on the charge of discharging a weapon on prohibited premises was not contrary to the manifest weight of the evidence. Appellant's first assignment of error is found not well-taken.

{¶ 21} In his second assignment of error, appellant argues that the finding that he was intoxicated that evening was contrary to the manifest weight of the evidence because

8.

there was no chemical testing to prove he was intoxicated and he was never charged with driving while intoxicated. He argues that he was convicted solely on circumstantial evidence.

{¶ 22} Officer Crissman's testimony consisted of her observations that evening and was not circumstantial evidence. The sobriety of an individual can be establish through lay testimony. Evid.R. 701; *City of Cleveland v. Sammon*, 8th Dist. Cuyahoga No. 92469, 2009-Ohio-3381, ¶ 22. Therefore, a trained officer's testimony as to whether a person was intoxicated is sufficient, direct evidence of intoxication to sustain a conviction. *State v. Napier*, 2d Dist. Darke No. 09CA0002, 2010-Ohio-563, ¶ 19-23; *Sammon* at ¶ 32. The trier of fact must determine the weight to be given to such evidence. *Napier*. In addition to the officer's testimony as to appellant's level of sobriety, the officer also testified that appellant admitted to being intoxicated.

{¶ 23} In light of all of the evidence, we conclude the jury did not lose its way in evaluating the evidence, determining the credibility of the witnesses, and drawing inferences from the evidence. Therefore, we find that appellant's conviction on the charge of using a weapon while intoxicated was not contrary to the manifest weight of the evidence. Appellant's second assignment of error is not well-taken.

{¶ 24} Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                                              JUDGE

James D. Jensen, P.J.

                                                    _____
Christine E. Mayle, J.                                                JUDGE
CONCUR.

                                                    _____
                                                                              JUDGE