## State v. Mallard
### *[Cite as 3 AOA 193]*

*Case No. 56156, 56452*
*Cuyahoga County, (8th)*
*Decided May 10, 1990*

*John T. Corrigan, Cuyahoga County Prosecuting Attorney, Denise R. Cameron, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Richard Agopian, Esq., 800 Standard Building, 1370 Ontario Street, Cleveland, Ohio 44113, Herbert A. Adrine, Esq., 18308 Chagrin Boulevard, Shaker Heights, Ohio 44122, for Defendant-Appellants.*

CORRIGAN, J.

In these consolidated appeals, defendants Albert Mallard and William Butler challenge their convictions for attempted grand theft and possession of criminal tools. As we find defendants' assigned errors to lack merit, we affirm.

I.

Following police surveillance of their activities on March 18, 1988, defendants, and several others who are not parties to this appeal, were arrested and subsequently charged with one count of attempted grand theft and one count of possession of criminal tools. Defendants entered pleas of not guilty, and the matter proceeded to a jury trial on July 18, 1988.

For its case, the state presented the testimony of Cleveland Police Officer Ignatius Sowa, Robert Sparrow, and Detective Robert Beck.

Sowa testified that on March 18, 1988, he was working in an undercover car theft surveillance unit of the Cleveland Police, and was patrolling the East 30th Street area. At approximately 4:30 p.m., Sowa observed a gray 1977 Chevrolet Monte Carlo with two occupants, followed by a 1977 Oldsmobile Delta 88 with three occupants, travelling west on Hamilton Avenue. Sowa watched as the vehicles passed available parking spaces, then slowed, and occasionally stopped near newer model General Motors vehicles. According to Sowa, such stopping and slowing is commonly indicative of a car thief's attempt to select a vehicle to steal.

Sowa further stated that he and his partner followed the vehicles, and saw them drive along several lanes of cars parked in a parking lot. At the intersection of East 45th Street and Lakeside, both vehicles stopped, and the occupants had a brief conversation before proceeding westbound on Lakeside. Both vehicles again stopped at the intersection of East 38th Street and Lakeside, and the front seat passenger of the Oldsmobile approached a station wagon parked nearby. He then said something to the occupants of the Monte Carlo, and returned to the Oldsmobile.

Both vehicles subsequently proceeded to East 36th Street and Hamilton, and Sowa observed the rear seat passenger of the Oldsmobile, defendant Butler, looking from side to side as they passed parked cars. Both vehicles stopped near the Old Factory Inn on East 36th Street, and the front seat passenger of the Oldsmobile and the driver of the Monte Carlo exited their vehicles. Butler remained in the Oldsmobile and looked up and down the street, while the passenger of the Monte Carlo, defendant Mallard, slid to the driver's seat of the vehicle.

The two men who exited the vehicles had a brief conversation. They then approached a 1983 Oldsmobile Cutlass which was parked nearby, and one of the men rocked it. The men moved away from the vehicle as a car passed along East 36th Street. After the driver of this vehicle entered the inn, the men returned to the Cutlass. One of the men approached the driver's side vent window and produced a screwdriver from his left coat sleeve. Sowa subsequently observed nine to ten scratches to the molding around this window.

The men returned to the Monte Carlo and Mallard slid back to the passenger's side of this vehicle when three people exited the inn.

The occupants of both vehicles were subsequently arrested. Four screwdrivers were recovered from the front floor of the Oldsmobile, and two screwdrivers were recovered from the front seat of the Monte Carlo.

On cross-examination, Sowa admitted that Butler never left the Oldsmobile, and that he did not hear Mallard say anything during the entire incident.

Robert Sparrow, owner of the Cutlass, next testified that he had not given the men permission to enter his car.

Finally, Detective Beck, an expert in car theft investigations, testified that he has been with the car theft surveillance unit of the Cleveland Police for eleven years, and based upon his knowledge, experience, education, and training relative to the investigation of motor vehicle thefts, screwdrivers can be used to both gain entry into a locked vehicle and to start the vehicle. Beck further testified that the tips of two of the screwdrivers recovered in this matter had been altered in such a manner as to facilitate their usefulness in gaining entry into a vehicle.

Following the denial of defense motions for acquittal, the matter was submitted to the jury, and both Mallard and Butler were found guilty of attempted grand theft and possession of criminal tools.

## II.

Both defendants assign as error the trial court's denial of their motions for acquittal, because they claim that their conduct did not constitute aiding or abetting. We disagree.

Motions for acquittal are governed by Crim. R. 29(A), which provides as follows:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

Pursuant to this rule, a court shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, syllabus.

In this case, the state asserted, with respect to Count 1 of the indictment, that defendants were aiders or abettors in the attempted grand theft of Sparrow's vehicle. Thus, the state was required to prove that defendants, while acting with purpose to deprive the owner of his property, aided or abetted in the attempt to steal the vehicle. See R.C. 2923.03(A)(2), R.C. 2923.03(C), and R.C. 2913.02. Accord *State v. Culver* (June 21, 1984), Cuyahoga App. No. 47673, unreported. *State v. Hale* (Dec. 9, 1982), Cuyahoga App. No. 44774, unreported.

With respect to Count 2 of the indictment, the state was required to established that defendants aided or abetted in the possession of tools by participating in a common design or purpose to commit a theft offense and reasonably contemplating use of those tools. R.C. 2723.24. Accord

*State* v. *Haberek* (1988), 47 Ohio App. 3d 35, 44-45.

While aiding and abetting cannot be established where one is merely present during a crime, but does not assist, incite or encourage its commission, see *State* v. *Sims* (1983), 10 Ohio App. 3d 56, 59, aiding and abetting will be established where one advocates or participates in commission of a crime, by act, deed, word, or gesture. *Id.*

Evidence of aiding and abetting another in the commission of an offense may be demonstrated by direct or circumstantial evidence. *State* v. *Cartellone* (1981), 3 Ohio App. 3d 145, 150. Thus, "[p]articipation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed." *Id.*, quoting *State* v. *Pruett* (1971), 28 Ohio App. 2d 29, 34. Aiding and abetting may also be established from overt acts of assistance, such as driving the getaway car or serving as a lookout. *State* v. *Cartellone, supra.*

Applying the foregoing, we hold that the trial court properly denied defendants' motions for acquittal, as reasonable minds could conclude that Mallard and Butler participated by overt acts in the attempted grand theft of Sparrow's car, and possession of criminal tools. That is, reasonable minds could conclude that Mallard's act of sliding back when the patrons left the bar and the driver returned to the Monte Carlo, manifested participation in the crime by demonstrating that Mallard would drive the Monte from the scene if the Cutlass were started.

Reasonable minds could further conclude that Butler's act of looking from side to side while the men drove through the East 30th area manifested participation in the crime by helping to select a vehicle to steal, while his act of looking up and down the street while the men approached the Cutlass manifested participation by serving as a lookout. Accord *State* v. *Culver, supra; State* v. *Roberson* (Apr. 12, 1984), Cuyahoga App. No. 47317, unreported.

Moreover, as the evidence established that both men engaged in overt acts of participation, it is irreconcilable with their claims that they were merely present as innocent bystanders. See *State* v. *Kulig* (1974), 37 Ohio St. 2d 157, syllabus. Accord *State* v. *Stoutmire* (Dec. 31, 1987), Cuyahoga App. No. 53256, unreported. Thus, the trial court properly denied defendants' motions for acquittal with respect to Count 1, attempted grand theft.

Finally, because the evidence established that Butler and Mallard had predesignated roles in the attempted theft, and that screwdrivers were commonly used to enter and start cars, the jury could reasonably conclude that defendants participated in a common design to commit a theft offense while reasonably contemplating that the screwdrivers would be used criminally. Thus, the trial court properly denied defendants' motions for acquittal with respect to Count 2, possession of criminal tools.

*Judgment affirmed.*

DYKE, P.J., and NAHRA, J., concur.