THE STATE OF OHIO, APPELLEE, *v.* RIDGEWAY, APPELLANT.

[Cite as State v. Ridgeway (1972), 35 Ohio App. 2d 254.]

(No. 3507—Decided February 24, 1972.)

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. James A. Brogan*, for appellee.

*Mr. William J. Abraham* and *Mr. Robert E. Cesner, Jr.*, for appellant.

CRAWFORD, J. Defendant was convicted and sentenced on September 5, 1969, upon an indictment which, as amended, charged that he "did steal from Dixie Enterprises, Incorporated, property, (2) Turbo Power Lawn Mowers and (2) MTD 4 horse power Rotary Tillers, in an amount and value in excess of Sixty Dollars ($60.00); etc."

According to the state's evidence, defendant had contrived with a stockboy and a cashier of Goldman's Store No. 7 in Huber Heights, to obtain, without paying or being charged for, certain merchandise, including that described in the indictment, which he hauled away in a truck and kept or concealed.

Although not indigent, he chose to represent himself at the trial. Counsel employed by him now prosecute this appeal.

His first assignment of error is: "Where a jury returns a verdict of 'guilty of grand larceny' and no value of the property stolen is declared, such verdict will not form the predicate for a judgment."

The verdict reads:

"We, the Jury, upon the issues joined in this case, do find the defendant, Lawrence A. Ridgeway, guilty of grand larceny."

This verdict is partly typed upon a printed form, with a blank space in which the word "guilty" is written by the jury in pen and ink.

R. C. 2945.75 provides that in the trial of a charge of larceny, if the value of the property stolen determines the degree of the offense or the punishment, the jury, on conviction, shall ascertain and declare in their verdict the value of such property.

Although the term "grand larceny" is not found in the statutes, the court in his charge defined the term as generally understood, explaining that it means the larceny of property of such value as to constitute a felony, which in this state is sixty dollars or more. The evidence clearly shows the value of the property stolen in this case to have exceeded that amount.

No objection was made either to the form of the verdict or to the instructions of the court.

The verdict in this form is technically incorrect, and its use is not approved. However, the defendant, the appellant herein, has not shown that he was in anywise prejudiced by this irregularity. His complaint is effectively answered by the Supreme Court in the case of *State* v. *Park* (1962), 174 Ohio St. 81.

The only perceptible distinction between that case and the present is of no significance. There the defendant's counsel admitted that the property allegedly stolen was of the value of three hundred dollars; here, although there is no such admission, the evidence is quite clear that the value was substantially in excess of sixty dollars.

This assignment discloses no prejudicial error.

The second assignment is that the transcript or bill

of exceptions is incomplete. Present counsel filed objections to the bill of exceptions as presented to the court, on the basis that it was incomplete for lack of a certain portion of the trial, during which a special temporary reporter was taking the record. In making the objection, defendant's counsel stated:

"The liklihood (sic) of a prejudice to defendant's right of review on appeal is particularly clear in this case where, defendant represented himself during the trial and counsel has no means of determining what transpired during that portion of the trial which does not appear in the bill of exceptions. The defendant and his counsel in this case has done everything required by law to obtain a complete bill of exceptions, and defendant should not suffer detriment because of the failure of the court reporter to provide a portion of the transcript."

The objections were overruled in an entry which recited that a portion of the testimony was taken on a single day after 4 o'clock p. m. by a special reporter, who, through illness, etc., has since been unavailable.

The entry also stated:

"In view of the self representation no efforts have been made to supply a narrative report of the missing testimony.

"The trial court has no alternative other than to deliver the record as it exists with all of the testimony except that portion taken after 4:00 P. M. on the single day in question."

We agree that the trial court could not properly have taken any other course.

The burden of preparing such record as will portray his claimed errors is always upon the appellant. A narrative bill of exceptions when necessary to this end is permissible. 3 Ohio Jurisprudence 2d 344, Appellate Review, Section 432. There is no reason why such a method could not be used to supplement this transcript or bill of exceptions. It is no excuse that defendant was without counsel. This was by his own choice. He neither claimed to be indigent, nor requested the appointment of counsel. If he can-

not recall the substance of what was omitted, its importance to his defense would appear to be questionable, and he is not in a position to claim prejudice by its omission.

A trial in which one side proceeds without counsel always presents great difficulties to the court and to opposing counsel. In this case, the trial court exhibited commendable patience, and he and opposing counsel showed all proper consideration for defendant's rights in an exhaustive trial which generated a record which already comprises 556 pages.

The third assignment is that the verdict is contrary to the manifest weight of the evidence. Although it is desirable that there be a complete transcript or bill of exceptions for the consideration of such an assignment, the nature of the argument here presented is such as to reduce the importance of an absolutely complete record. The evidence presented leaves no doubt that defendant did wrongfully steal and carry away the property alleged in the indictment.

The argument under this assignment is that inasmuch as he operated with the connivance of persons in the employ of the Goldman store, from which the property was taken, he should be charged only, if at all, with being an aider and abettor to an embezzler or embezzlers.

The fact that he might conceivably be so charged does not relieve him of being guilty of grand larceny. The larceny was shown to have been committed by him, regardless of the culpable conduct of others.

No error prejudicial to the defendant appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.