## State v. Sanchez
*[Cite as 6 AOA 264]*

Case No. 58743
Cuyahoga County, (8th)
Decided July 12, 1990

*John T. Corrigan, Cuyahoga County Prosecutor, Blaise Thomas, Assistant County Prosecutor, Cleveland, for Plaintiff-Appellee.*

*Alan C. Rossman, Cleveland, for Defendant-Appellant.*

MATIA, P.J.

Defendant-appellant, Jesus Sanchez, appeals from his conviction for the offenses of aggravated burglary and theft.

### I. THE FACTS
#### A. THE INDICTMENT

On August 31, 1988, the appellant was indicted by the grand jury of Cuyahoga County for one count of aggravated burglary in violation of R.C. 2911.11 and one count of theft in violation of R.C. 2913.02.

#### B. THE ARRAIGNMENT

On September 8, 1988, the appellant was arraigned whereupon a plea of not guilty was entered to the counts of aggravated burglary and theft.

#### C. THE NON-JURY TRIAL

On November 23, 1988, the appellant waived his constitutional right to trial before a jury and the two counts of the indictment were tried before a judge of the Cuyahoga County Court of Common Pleas.

#### D. THE TRIAL COURT'S VERDICT

On November 28, 1988, the trial court returned a verdict which found the appellant guilty of one count of aggravated burglary and one count of theft.

#### E. THE SENTENCE OF THE TRIAL COURT

On January 23, 1989, the trial court sentenced the appellant to incarceration within the Correctional Reception Center, Orient, Ohio, for a term of five years to twenty-five years with regard to the offense of aggravated burglary and one and one-half years to five years with regard to the offense of theft. The trial court further ordered that the sentences run concurrent with each other. Thereafter, the appellant timely brought the instant appeal from his conviction for the offenses of aggravated burglary and grand theft.

### II. THE APPELLANT'S FIRST AND SECOND ASSIGNMENTS OF ERROR

Having a common basis in law and fact, the appellant's first and second assignments of error shall be considered simultaneously. The appellant's first assignment of error is that:

> "THE VERDICT OF GUILTY TO AGGRAVATED BURGLARY IS AGAINST THE WEIGHT OF THE EVIDENCE."

The appellant's second assignment of error is that:

> "THE VERDICT OF GUILTY TO GRAND THEFT IS AGAINST THE WEIGHT OF THE EVIDENCE."

#### A. ISSUE RAISED: THE APPELLANT'S CONVICTION FOR THE OFFENSES OF AGGRAVATED BURGLARY AND THEFT WERE AGAINST THE MANIFEST WEIGHT AND INSUFFICIENT AS A MATTER OF LAW

The appellant, through his first and second assignments of error, argues that his conviction for the offenses of aggravated burglary and theft was against the manifest weight and insufficient as a matter of law. Specifically, the appellant argues that the circumstantial evidence supporting proof of the elements of the offenses of aggravated burglary and theft did not exclude a reasonable theory of innocence. These two assignments of error are well taken.

#### B. CIRCUMSTANTIAL EVIDENCE AND PROOF OF ELEMENTS OF OFFENSE

Ohio case law has established that a defendant may be convicted of a criminal offense solely on the basis of circumstantial evidence. The Supreme Court of Ohio, however, has stated that

the circumstantial evidence relied upon by the trier of fact to prove each and every element of the charged offense must be irreconcilable with any reasonable theory of the defendant's innocence in order to support a finding of guilt.[1]

"It is, however, well-settled under Ohio law that a defendant may be convicted solely on the basis of circumstantial evidence. *State v. Kulig* (1974), 37 Ohio St.2d 157, 66 O.O.2d 351, 309 N.E.2d 897; *State v. Hankerson* (1982), 70 Ohio St.2d 87, 24 O.O. 3d 155, 434 N.E.2d 1362, certiorari denied (1982), 459 U.S. 870; *State v. Kamel* (1984), 12 Ohio St.3d 306, 12 OBR 378, 466 N.E.2d 860.

'*** [P]roof of guilt may be made by circumstantial evidence as well as by real evidence and direct or testimonial evidence, or any combination of these three classes of evidence. All three classes have equal probative value, and circumstantial evidence has no less value than the others. 1A Wigmore, Evidence (Tillers Rev.1983) 944, Section 24 et seq.' *State v. Griffin* (1979), 13 Ohio App.3d 376, 377, 13 OBR 458, 469, 469 N.E.2d 1329, 1331. 'Circumstantial evidence is not less probative than direct evidence, and, in some instances, is even more reliable.' *United States v. Andrino* (C.A. 9, 1974), 501 F.2d 1373, 1378.

"However, this court in *State v. Kulig, supra,* syllabus, held that:

'[c]ircumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt.' The court further concluded that:

'*** [i]t is settled that where circumstantial evidence alone is relied upon to prove an element essential to a finding of guilt, it must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. ***' *Id.* at 160, 66 O.O.2d at 352, 309 N.E.2d at 899." *State v. Nicely* (1988), 39 Ohio St.3d 147, at 151.

## C. ELEMENTS OF THE OFFENSE OF AGGRAVATED BURGLARY

The elements of the offense of aggravated burglary are:

(1) by force, stealth, or deception

(2) trespass in

(a) an occupied structure, as defined in R.C. 2909.01, or (b) separately secured or separately occupied portion thereof

(3) with purpose to commit

(a) any theft as defined in R.C. 2913.01, or

(b) any felony.

## D. ELEMENTS OF THE OFFENSE OF THEFT

The elements of the offense of theft are:

(1) purpose to deprive the owner of property or services

(2) knowingly obtain or exert control over either

(3)

(a) without consent of owner or person authorized to give consent, or

(b) beyond scope of express or implied consent by owner or person authorized to give consent, or

(c) by deception, or

(d) by threat.

## E. TESTIMONY ADDUCED AT TRIAL BY STATE OF OHIO

In an attempt to establish the elements of the offenses of aggravated burglary and theft, the state of Ohio adduced testimony from two witnesses:

Robert A. Rotatori testified that: 1) on July 16, 1988, Rotatori and his wife returned to their home on 1788 West 28 Street, Cleveland, Ohio, at approximately 10:30 p.m. (Tr. 17); 2) Rotatori noticed that all the lights in his home were on which was unusual (Tr. 17); 3) Rotatori entered his home and discovered that his home had been burglarized (Tr. 18); 4) prior to leaving his home, Rotatori had locked all the windows and doors (Tr. 18); 5) Rotatori found a broken window in the upstairs living room (Tr. 19); 6) the police were called and arrived with "fingerprint people" (Tr. 23); 7) Rotatori and his wife compiled a handwritten list of the stolen property (Tr. 24); 8) the property stolen was never recovered (Tr. 25); 9) the total value of the stolen property was approximately $2,000 (Tr. 28); 10) Rotatori was acquainted with the appellant (Tr. 29); 11) the appellant and his brother, Fidel Sanchez, were similar in facial features (Tr. 36); and 12) Rotatori indicated to the police that Fidel Sanchez may have been involved in the aggravated burglary and theft (Tr. 36, 37).

James Tricsko testified that: 1) the Tricsko family owned and rented the home occupied by Rotatori (Tr. 45); 2) Tricsko was acquainted with the appellant (Tr. 45, 46); 3) Tricsko received a telephone call from his aunt at approximately 10:10 p.m. on July 16, 1988 (Tr. 47); 4) Tricsko's aunt indicated that someone was exiting the Rotatori home (Tr. 48); 5) Tricsko decided to investigate the Rotatori home (Tr. 48); 6) Tricsko decided to walk through the neighborhood (Tr. 57); 7) Tricsko observed a small purple automo-

bile traveling the wrong way on West 29 Street (Tr. 60); 8) the automobile's lights were not on (Tr. 60); 9) the automobile stopped near Tricsko and a passenger asked for the time of day and also seemed very hurried (Tr. 61); 10) Tricsko observed the automobile back into a driveway at 1738 West 29 Street (Tr. 63); 11) Tricsko observed the appellant and another man near the automobile (Tr. 63); 12) Tricsko observed the appellant placing a stereo into the back of the automobile (Tr. 63); (13) Tricsko heard two people call the appellant's name (Tr. 68); 14) the appellant blocked Tricsko's view of the automobile (Tr. 69); 15) Tricsko observed the appellant carrying a hamper (Tr. 74, 75); and 16) Tricsko confronted the appellant the next day with regard to the aggravated burglary and theft (Tr. 83).

## F. TESTIMONY ADDUCED ON BEHALF OF THE APPELLANT

Testimony on behalf of the appellant was adduced from three witnesses.

Lisa Heathfield testified that: 1) on July 16, 1988, Heathfield resided with the appellant at 1759 Fulton Road, Cleveland, Ohio (Tr. 12); 2) the appellant was the father of Heathfield's child (Tr. 120); 3) Heathfield was employed at the Greenwood Pool (Tr. 122); 4) the appellant was present at the Greenwood Pool from 11:30 a.m. to 8:30 p.m. on July 16, 1988; 5) after leaving the pool, Heathfield and the appellant attended a barbecue at the home of the appellant's sister-in-law (Tr. 126); 6) Heathfield and the appellant remained at the barbecue until approximately 11:00 p.m. (Tr. 127); 7) Heathfield and the appellant left the barbecue together and walked home (Tr. 128); 8) Heathfield and the appellant observed three people and an automobile in the back of the Schmidt home (Tr. 129); 9) the appellant left the presence of Heathfield for approximately five to seven minutes (Tr. 130); and 10) the appellant returned to the presence of Heathfield and appeared extremely agitated and angry (Tr. 131).

Drema Blankenship testified that: 1) Blankenship resided on Fulton Road, Cleveland, Ohio (Tr. 159); 2) the appellant's brother was the common-law husband of Blankenship (Tr. 160); 3) the appellant was present at the Blankenship home on July 16, 1988 from 8:30 p.m. to 10:30 p.m. (Tr. 161); 4) Blankenship had a discussion with the appellant's brother, Fidel Sanchez, concerning the aggravated burglary which had occurred at the Rotatori home (Tr. 164); 5) Fidel Sanchez expressed remorse over the fact that his brother (appellant) was doing time for something he had done (Tr. 164, 164); 6) the statement made by Fidel Sanchez was reported to the police (Tr. 165).

Judy Guzman testified that: 1) Guzman lived in the same building as Blankenship (Tr. 180); and 2) the appellant did visit Blankenship on July 16, 1988 (Tr. 181).

## G. STANDARD OF REVIEW FOR QUESTION OF MANIFEST WEIGHT

Ordinarily, the weight of the evidence and the credibility of witnesses are primarily a matter for consideration by the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 231. In addition, this court upon review will not reverse a verdict where there is substantial and credible evidence upon which the trier of fact could reasonably conclude that all the elements of the charged offense has been proven beyond a reasonable doubt. *State v. Eley* (1978), 58 Ohio St.2d 169; *State v. Gaston* (January 11, 1979), Cuyahoga App. No. 37846, unreported.

## H. ANALYSIS

Herein, the record fails to disclose the existence of substantial evidence upon which the trier of fact could reasonably conclude that all the elements of the offenses of aggravated burglary and theft had been proven beyond a reasonable doubt. Additionally, the reliance of the state of Ohio upon circumstantial evidence to support the appellant's conviction for the offenses of aggravated burglary and theft did not exclude all reasonable theories of innocence. Clearly, the circumstantial evidence adduced at trial did not exclude the reasonable theory of innocence that the appellant stumbled upon the illicit activities of the actual perpetrators of the aggravated burglary and theft and that the appellant was not involved in the aggravated burglary of the Rotatori home.

## I. CONCLUSION

Therefore, based upon the application of *State v. Kulig, supra; State v. Nicely, supra;* and *State v. Jacobozzi, supra,* the appellant's conviction for the offenses of aggravated burglary and theft were against the manifest weight and insufficient as a matter of law. The appellant's first and second assignments of error are well taken.

## III. ASSIGNMENT OF ERROR NUMBERED 1A

The appellant's assignment of error, numbered IA, is that:

## "THE INFERENCE UPON AN INFERENCE RULE WAS VIOLATED."

7

## A. ISSUE RAISED: THE TRIAL COURT VIOLATED THE INFERENCE UPON INFERENCE RULE

The appellant, in this assignment of error, argues that the trial court violated the evidentiary rule that an inference cannot be based upon another inference. Specifically, the appellant argues that it was necessary for the trial court to draw an inference from the circumstantial evidence presented at trial that the individual's surrounding the parked automobile, which contained the alleged stolen property, burglarized the Rotatori home. The appellant further argues that it was necessary for the trier of fact to draw the inference that the appellant was involved in the aggravated burglary and theft based upon the inference of the burglary of the Rotatori home by three unnamed individuals.

This assignment of error is not well taken.

## B. INFERENCE DEFINED

An inference is a permissible deduction of ordinary principles which the trier of fact may logically and rationally conclude. *Ayers v. Woods* (1957), 166 Ohio St. 138. However, one inference cannot be based upon another influence, but must be predicated upon the facts supported by the evidence. *Sobolovitz v. Lubric Oil Co.* (1923), 107 Ohio St. 204.

## C. ANALYSIS AND CONCLUSION

Without involving the issue of manifest weight of the evidence and/or sufficiency of the evidence as dealt with in the appellant's first and second assignments of error, a review of the record fails to disclose that the trial court violated the "inference" rule. Each and every inference drawn by the court was marginally based upon some facts contained in the record.

Therefore, the assignment of error numbered IA is not well taken.

## IV. THE APPELLANT'S THIRD ASSIGNMENT OF ERROR

The appellant's third assignment of error is that:

"ASSUMING ARGUENDO THIS COURT SUSTAINS THE CONVICTION FOR THEFT[.] THE CONVICTION SHOULD BE SUSTAINED ONLY AS TO PETTY THEFT."

## A. ISSUE RAISED: NO EVIDENCE ADDUCED AT TRIAL TO PROVE ELEMENT OF VALUE WITH REGARD TO OFFENSE OF THEFT

The appellant, in his third assignment of error, argues that the state of Ohio failed to establish the element of value with regard to the offense of theft. Specifically, the appellant argues that the value of the property involved in the theft offense was not established during the course of trial and thus the appellant could only be convicted of the offense of petty theft. It should be noted that in dealing with this assignment of error, it is assumed that the appellant's conviction for theft was not against the manifest weight nor insufficient as a matter of law.

This assignment of error is not well taken.

## B. HOW VALUE IS DETERMINED

R.C. 2913.61, which deals with the determination of the value of stolen property, provides in pertinent part that:

"(A) When a person is charged with a theft offense involving property or services valued at three hundred dollars or more, a violation of section 2913.02, 2913.11, 2913.21, 2913.43, 2913.51, or 4931.99 of the Revised Code involving property or services valued at three hundred dollars or more and less than five thousand dollars, or a violation of section 2913.02, 2913.11, 2913.21, 2913.43, 2913.51, or 4931.99 of the Revised Code involving property or services valued at five thousand dollars or more, the jury or court trying the accused shall determine the value of such property or services as of the time of the offense and, if a guilty verdict is returned, shall return the finding of value as part of the verdict. In any such case, it is unnecessary to find and return exact value, and it is sufficient if, in a case involving a theft offense other than a violation of section 2913.02, 2913.11, 2913.21, 2913.43, 2913.51, or 4931.99 of the Revised Code, the finding and return is to the effect that the value of the property or services involved was less than three hundred dollars or was three hundred dollars or more or, in a case involving a violation of section 2913.02, 2913.11, 2913.21, 2913.43, 2913.51, or 4931.99 of the Revised Code, the finding and return is to the effect that the value of the property or services involved was less than three hundred dollars, was three hundred dollars or more and less than five thousand dollars, or was five thousand dollars or more."

## C. TESTIMONY ADDUCED AT TRIAL WITH REGARD TO VALUE OF STOLEN PROPERTY

A review of the record clearly indicates that the value of the property stolen from the victim was approximately $2,000.

"Q. Do you know the value of the sum value of all of these items?

"A. Some of the stuff was antiques and heirlooms that were handed down to us, so we had a hard time putting values on it, but we came up with a roughly or approximately $2,000 worth."

D. ANALYSIS AND CONCLUSION

In addition, the appellant was not prejudiced by the failure of the trial court to specifically return a verdict which indicated the value of the stolen property in light of the evidence adduced at trial as to the value of the property. Cf. *State v. Woods* (1982), 8 Ohio App.3d d56; *State v. Ridgeway* (1972), 35 Ohio App.2d 254.

Therefore, the appellant's third assignment of error is not well taken.

For the foregoing reasons, the appellant's first and third assignments of error are well taken, and the judgment of the Cuyahoga County Court of Common Pleas is reversed.

Judgment reversed and final judgment entered for appellant.

LYNCH, J., and VEIT, J., concur.

SITTING BY ASSIGNMENT:
Judge John J. Lynch, Retired of the Seventh Appellate District of Ohio.

Judge Hans R. Veit, of the Geauga County Common Pleas Court.

---

[1] It should be noted that this theory of "circumstantial evidence" as espoused by the Supreme Court of Ohio has been affirmatively rejected by the United States District Courts. The federal courts have held that circumstantial evidence can be used to form the basis of a defendant's conviction regardless of the existence of a reasonable theory of innocence. The approach of the federal courts is based upon the premise that the weight of the evidence and the credibility of the witnesses are primarily a matter for consideration by the trier of fact.