Defendant-appellant, Rosyln A. Walker, appeals her conviction in the Youngstown Municipal Court on a single count of assault.
On June 19, 1995, appellant and George Bell were involved in an altercation in which appellant struck Bell with a knife. Subsequently, appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A) and one count of possession of drug paraphernalia in violation of R.C.2925.14(A)(12).
A bench trial was held on July 7, 1995 before Judge Andrew Polovischak. Appellee, State of Ohio, presented a single witness, Bell. Among other things, Bell testified that his relationship with appellant was that of boyfriend-girlfriend, and had been so for approximately eighteen months.
At the close of Bell's testimony, appellant orally moved for acquittal based on the fact that the prosecution had failed to establish that Bell was a "family or household member" as required by R.C. 2919.25(A). The trial court stated that it would "take the matter under advisement".
Appellant then testified on her own behalf. On cross-examination, appellee attempted to establish that Bell was a "family or household member". The following exchange occurred:
 "Q [counsel for appellee] How long have you been going with Mr. Bell?
"A [appellant] For almost two years.
"Q And you live with him?
 "MR. DUFFRIN: [counsel for appellant] Objection, your Honor. This goes to the motion. It should have been established on direct examination.
"THE COURT: Overruled.
 "MR. DUFFRIN: You took it under advisement, your Honor.
 "THE COURT: I'll sustain the objection at this point." (Tr. 13-14)
At the close of appellant's case, appellant renewed her motion to acquit and appellee moved to amend the charge to assault, a violation of R.C. 2903.13. The trial court sustained appellee's motion to amend the charge and sustained appellant's motion for acquittal on the domestic violence charge. The trial court then found appellant guilty as charged in the amended complaint. The charge of possession of drug paraphernalia was dismissed. Appellant was sentenced to 180 days in the county jail of which 90 days were suspended. Appellant also received two years of probation.
On July 10, 1995, appellant filed a motion for reconsideration of the verdict which the trial court overruled. On August 4, 1995, appellant filed a timely notice of appeal. At the same time, appellant filed a motion for stay of execution of sentence pending appeal with the trial court. The record does not indicate that the trial court ruled on this motion.
We note that appellee has failed to file a brief in this matter. Therefore, pursuant to App. R. 18(C) this court is authorized to accept appellant's facts and issues as correct and to reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
Appellant brings two assignments of error, the first of which states:
 "THE TRIAL COURT ERRED BY FAILING TO RULE ON APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29 MADE AT THE CLOSE OF THE STATE'S CASE."
Crim.R. 29(A) provides:
 "(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
A motion for acquittal should not be granted where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. In ruling on a motion for judgment of acquittal, the evidence must be viewed in a light most favorable to the government. See State v. Reese (1996),113 Ohio App.3d 642, at 645.
 "In order to overcome a Crim.R. 29(A) motion, the state must present some evidence in its case-in-chief addressing each element of the charge against the defendant from which reasonable minds might find beyond a reasonable doubt that the defendant committed the offense." Id.
Appellant was charged with domestic violence, a violation of R.C. 2919.25(A). At the time of the offense R.C. 2919.25
provided:
 "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
"* * *
 "(E) As used in this section and sections 2919.251
and 2919.26 of the Revised Code:
 "(1) 'Family or household member' means any of the following:
 "(a) Any of the following who is residing or has resided with the offender:
 "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as spouse, or former spouse of the offender.
 "(b) The natural parent of any child of whom the offender is the other natural parent.
 "(2) 'Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabitating with the offender, or who otherwise has cohabitated with the offender within one year prior to the date of the alleged commission of the act in question."
At the close of appellee's case, the only evidence even remotely pertaining to the element of "family or household member" was that appellant was the girlfriend of Bell, and that the two had been in this relationship for about a year and a half. This evidence was insufficient as a matter of law to establish that appellant resided or cohabitated with Bell. At the close of its case in chief, appellee had failed to establish that Bell was a "family or household member". As such, the trial court should have granted appellant's motion for acquittal. In failing to do so, and by impermissibly reserving its ruling on the matter, the trial court committed error. Such error was prejudicial to appellant in that appellant was then required to testify in her own defense.
 "Ruling on a motion at the close of the State's case is to be made based upon the evidence presented during the State's case, not based upon the evidence introduced during both the State's case and the defendant's case." State v. Pertee
(Nov. 22, 1995), Wayne App. No. 95 C.A. 0033, unreported, at 2
Our review of the record does not indicate any attempt on the part of appellee to reopen its case after it had rested. Because the trial court should have granted appellant's motion for acquittal at the close of appellee's case in chief, appellant's first assignment of error is found to have merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED BY PERMITTING THE STATE TO AMEND THE COMPLAINT TO ALLEGE A DIFFERENT OFFENSE AT THE CLOSE OF ALL THE EVIDENCE."
In our discussion of appellant's first assignment of error we have ruled that the trial court erred in failing to grant appellant's motion for acquittal. Accordingly, appellant's second assignment of error is now moot. See App. R. 12(A)(1)(c).
Appellant's conviction is hereby reversed and appellant is ordered discharged.
Hon. Gene Donofrio, Hon. Edward A. Cox, Hon. Joseph J. Vukovich, JUDGES.
Cox, J., concurs
Vukovich, J., concurs
APPROVED:
 ---------------------- Gene Donofrio Presiding Judge